IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANTEL M. MCSPADDEN, | |
| Plaintiff, | 8:24CV505 |
| vs. | |
| JONI CRAIGHEAD, and KINGS HERITAGE ESTATES, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's Complaint filed on December 30, 2024. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 2. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court will now conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Joni Craighead ("Craighead") and Kings Heritage Estates (collectively "Defendants") for breach of contract related to the purchase of a home in Omaha, Nebraska, pursuant to a rent-to-own program. As relief, Plaintiff seeks over $300,000 in damages.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted,

or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleges breach of contract claims against Defendants and indicates that the basis for the Court's jurisdiction is diversity of citizenship. Filing No. 1 at 3. Upon

review, however, the Complaint fails to establish that the Court may properly exercise subject matter jurisdiction over Plaintiff's claims.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan,* 904 F.2d 14, 15 (8th Cir. 1990). Here, the allegations of Plaintiff's Complaint do not establish the requisite "federal question" for the Court to exercise jurisdiction under § 1331.

Subject-matter jurisdiction also may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff alleged an amount in controversy well above the requisite $75,000.00 amount. Filing No. 1 at 4. However, Plaintiff alleges that both she and Craighead are citizens of Nebraska and Kings Heritage Estates is a corporation incorporated under the laws of Nebraska with its principal place

3

of business in Nebraska. *Id*. at 3–4. Because Plaintiff and Defendants are citizens of Nebraska, *diversity is lacking*, and the Complaint's allegations fail to establish that *subject-matter jurisdiction is proper* pursuant to 28 U.S.C. § 1332. On its own motion, the Court will give Plaintiff leave to amend her Complaint as set forth below.

## IV. OTHER PENDING MOTION

Plaintiff filed a request for the appointment of counsel as she is unable to afford counsel. Filing No. 3. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Upon careful review of the record, the Court finds there is no need for the appointment of counsel at this time as it appears the Court lacks jurisdiction over Plaintiff's Complaint. Accordingly, Plaintiff's motion for the appointment of counsel is denied without prejudice to reassertion.

## V. CONCLUSION

Plaintiff's Complaint fails to establish grounds for the Court's subject matter jurisdiction. On the Court's own motion and out of an abundance of caution, Plaintiff will be given 30 days to file an amended complaint that clearly sets forth a basis for *federal court* jurisdiction. To be clear, Plaintiff's amended complaint must restate the relevant allegations of her Complaint,

4

Filing No. 1, and any new allegations. Plaintiff should be mindful to explain what each defendant did to her, when the defendant did it, how the defendant's actions harmed her, and on what basis this case belongs in *federal* court. Plaintiff is warned that any amended complaint she files will supersede, not supplement, her prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff shall have until **February 26, 2025**, to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

5. The Clerk of the Court is directed to set the following pro se case management deadline: **February 26, 2025**: check for amended complaint.

6. Plaintiff's motion for appointment of counsel, Filing No. 3, is denied without prejudice to reassertion.

Dated this 27th day of January, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge