IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANTEL M. MCSPADDEN,<br><br>Plaintiff,<br><br>vs.<br><br>JONI CRAIGHEAD, and KINGS HERITAGE ESTATES,<br><br>Defendants. | **8:24CV505**<br><br>**MEMORANDUM AND ORDER** |

On January 27, 2025, the Court conducted an initial review of Plaintiff's Complaint, Filing No. 1, and concluded that the Complaint's allegations failed to establish the Court's federal subject-matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. Filing No. 8. On its own motion, the Court gave Plaintiff 30 days "to file an amended complaint that clearly sets forth a basis for *federal court* jurisdiction." *Id.* at 4 (emphasis in original). On February 26, 2025, Plaintiff timely filed her Amended Complaint, Filing No. 9, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF AMENDED COMPLAINT

As in her original Complaint, Plaintiff sues Joni Craighead ("Craighead") and Kings Heritage Estates (collectively "Defendants") for breach of contract related to the purchase of a home in Omaha, Nebraska, pursuant to a rent-to-own program. Plaintiff's Amended Complaint is essentially identical to her original Complaint with the only differences being Plaintiff's addition of an allegation regarding lack of notice to tenants about the management change or sale of the homes and her attachment of thirteen

documents related to Plaintiff's purchase of the home. *Compare* Filing No. 9 *with* Filing No. 1.

## II. DISCUSSION

The additional allegations and documents provided in Plaintiff's Amended Complaint fail to establish a basis for this Court's jurisdiction. As the Court explained in its previous order on initial review, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction may be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Subject-matter jurisdiction may also be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).

Here, Plaintiff's Amended Complaint suffers from the same jurisdictional defects identified in the Court's January 27, 2025, Memorandum and Order on initial review. Plaintiff's allegations do not suggest the existence of a federal question as Plaintiff does not allege a violation of any federal law. Nor can Plaintiff proceed in federal court based on diversity of citizenship because Plaintiff and Defendants are all citizens of the same state (Nebraska). Thus, the Court lacks subject matter jurisdiction

to consider Plaintiff's state-law breach of contract claim against Defendants, and the Amended Complaint must be dismissed. If Plaintiff wishes to pursue her breach of contract claim against Defendants, then she must file her claims in the appropriate state court.

Lastly, because this matter cannot proceed in this Court, Plaintiff's request for counsel, included in her Amended Complaint, Filing No. 9 at 58, is denied as moot. The Court notes, however, that persons in need of assistance from a lawyer may contact the Nebraska State Bar Association's lawyer referral service. The service is at 635 South 14th Street, Suite 200, Lincoln, Nebraska 68508. The telephone number is (402) 475-7091 ext. 132, and the fax number is (402) 475-7098.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for lack of subject matter jurisdiction.

2. A separate judgment shall be entered.

Dated this 27th day of February, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

3